UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,

                              Plaintiffs,                        **MEMORANDUM**
                                                                       **AND ORDER**

                                                                       22-CV-2893 (GRB) (JMW)

       -against-

DINESH VERMA MEDICAL, P.C.,
DINESH VERMA, D.O., and
JOHN DOE DEFENDANTS "1" – "10",

                              Defendants.
----------------------------------------------------------------------X

**A P P E A R A N C E S:**

Barry I. Levy. Esq.
Joanna Betty Rosenblatt, Esq.
Michael A. Sirignano, Esq.
**Rivkin Radler LLP**
926 RXR Plaza
Uniondale, NY 11556-0926
*Attorneys for Plaintiffs*

Matthew J. Conroy, Esq.
Robert E. B. Hewitt, III, Esq.
**Schwartz, Conroy & Hack, PC**
666 Old Country Road, Ste 900
Garden City, NY 11530
*Attorneys for Defendants*

**WICKS,** Magistrate Judge:

       Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company,

GEICO General Insurance Company, and GEICO Casualty Company brought this action against

1

Defendants Dinesh Verma, D.O., and Dinesh Verma Medical, P.C., and John Doe Defendants "1"-"10" ("Management Defendants") alleging claims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), and (d), common law fraud, unjust enrichment, and aiding and abetting fraud. (*See* DE 1.)  Before the Court now are a series of discovery motions: (1) Plaintiffs' Motion to Compel interrogatory responses and production of responsive documents (DE 19), (2) Defendants' Motion for an Extension of Time to Complete Discovery (DE 20), and (3) Plaintiffs' Motion to Compel an order enforcing non-party subpoenas (DE 22).

## I. MOTION TO COMPEL LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92-CV-8430, 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06-CV-460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance.").  To that end, the discovery sought by the parties must be, as stated by Rule 26, proportional to the needs of

2

the case, taking into consideration such aspects as the importance of the issues, the amount in controversy, the parties' resources and access to the information sought, and the importance of the information sought to the asserted claims or defenses. *Sibley v. Choice Hotels Int'l*, CV 14-634 (JS)(AYS), 2015 WL 9413101, at *2–3 (E.D.N.Y. Dec. 22, 2015).

Since December of 2015, "Rule 26 has defined the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'" *Pothen v. Stony Brook Univ.*, 13-CV-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017). "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case." *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)). Proportionality goes "hand-in-hand" with relevance. *New Falls Corp. v. Soni*, 16-CV-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020). That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate. *Id.* It is well-established that, ultimately, "[m]otions to compel are left to the court's sound discretion." *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see also Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

## II. DISCUSSION

### A. Plaintiffs' Motion to Compel Discovery and Defendants' Motion for an Extension of Time to Complete Discovery

Plaintiffs seek to compel (1) written responses to Plaintiffs' First Set of Interrogatories ("Interrogatories") and First Request for Production of Documents ("Request for Production") (collectively, the "Discovery Requests"), and (2) a complete production of documents responsive

3

to Plaintiffs' Request for Production. (DE 19 at 1.) Plaintiffs served these requests on Defendants on or about August 18, 2022. (*Id.*) Defendants' responses were due on or before October 30, 2022. (*See* DE 16 (Scheduling Order).) Plaintiffs also asked the Court to deem Defendants' objections to the Discovery Requests waived or grant any other relief as the Court deems just due to the extensive delays and alleged misrepresentations of Defendants. (*Id.*) Defendants seek an extension of time to respond to Plaintiffs' Discovery Requests and argue that waiver of objections is not properly before the Court at this time. (DE 20)

Plaintiffs consented to numerous extensions:

- *First,* Plaintiffs extended the response deadline to November 14, 2022. (DE 19 at 1.) Defendants silently let that deadline pass.

- *Second,* Plaintiffs' notified Defendants by letter dated November 15, 2022, that if discovery responses were not received by November 22, 2022, Plaintiffs would move to compel. (DE 19 at 2.) Defendants' Counsel indicated via telephone that he intended to comply, was working on the discovery responses, but just needed more time. (DE 19 at 2.) Thus, Plaintiffs graciously granted another extension to December 12, 2022.

- *Third,* Plaintiffs again granted an extension to December 23, 2022. (DE 19 at 2.)

- And *fourth,* Defendants' December 23, 2022 production was a partial production responsive to the Request for Production, and Defendants did not provide written responses to the Interrogatories at that time. (DE 19 at 2.) Defendants' Counsel subsequently represented to Plaintiffs via telephone that the written responses should be received by January 9, 2023, and Defendants were granted yet another extension to comply with their discovery obligations. Plaintiffs highlight that as of January 23, 2023, Defendants have still failed to provide any written responses to the Discovery Requests and have not made any supplemental productions to remedy their incomplete initial production. (DE 19 at 2.)

The relevancy of the desired discovery responses is not disputed. Instead, Defendants offer the following reasons for their repeated and extensive delay:

> Unfortunately, we were not able to provide the responses and all of the documents due to a number of reasons, including delay from the client and the fact that the partner on the file, Matthew J. Conroy, was representing a Defendant in a Federal criminal trial and was not available for much of November and all of December

4

> which resulted an unusually high burden on me and I was not able to comply. Nonetheless, I did supply 552 pages of documents to Plaintiffs.

(DE 20 at 1.)

Defendants also present the novel argument that Plaintiffs' request for waiver of objections is premature and not properly before the Court for two reasons. (DE 20 at 1.) First, Defendants state that "until the responses are submitted, the Court cannot rule on objections not yet made, if ever." (DE 20 at 1.) Second, Defendants state that since Fed. R. Civ P. 33 (b)(4) provides that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure," the Court cannot assess good cause where objections have not yet been made. (DE 20 at 1.) These arguments fly in the face of the legion of caselaw that holds otherwise.

In relevant part, Rule 34(b)(2)(A) provides that a party must respond "within 30 days after being served" or a "shorter or longer time may be stipulated to . . . or ordered by the court." Fed R. Civ. P. 34(b)(2)(A); *see also* Fed R. Civ. P. 33(b)(2) (same). Defendants have, admittedly, far exceeded any time set by the Court and the many extensions granted by Plaintiffs as a courtesy. Neither Rule 33 (interrogatories) or 34 (document demands) of the Federal Rules of Civil Procedure expressly state that failure to object to the demands or interrogatories waives objection. Both Rules do, however, clearly and unequivocally provide express directives as to how and when to object.

It is well settled that "'[a] failure to respond or object to a discovery request in a timely manner waives any objection which may have been available.'" *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011) (citing *UBS International Inc. v. Itete Brasil Instalacoes Telefonicas Ltd.,* No. 09-CV-4286 (LAK), 2010 WL 743371, at *3 (S.D.N.Y. Feb. 24, 2010)); *see also Labarbera v. Absolute Trucking, Inc.,* No. 08-CV-4581 (DRH) (AKT), 2009 WL

5

2496463, at *1 (E.D.N.Y. Aug. 12, 2009) ("It is well established that by failing to respond or object to a discovery request in a timely manner, a party waives any objection which may have been available."); *Eldaghar v. City of New York Department of Citywide Administrative Services,* No. 02-CV-9151 (KMW) (HBP), 2003 WL 22455224, at *1 (S.D.N.Y. Oct. 28, 2003) ("If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests. . . . Any other result would . . . completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences."); *Quartey v. Schiavone Constr. Co.*, 11-CV-2037 (DLI) (CLP) (E.D.N.Y. Feb. 6, 2013) ("A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *Chowdhury v. Hamza Express Food Corp.*, No. 14-CV-150 (JBW), 2014 WL 12834831, at *2 (E.D.N.Y. Sept. 25, 2014) ("By failing to timely assert their objections within 30 days of service of the discovery demands, defendants have waived those objections."); *see also Doe v. Mastoloni*, 307 F.R.D. 305, 308-9, No. 3:14-CV-00718 (CSH), 2015 WL 2452691, at *3 (D. Conn. May 22, 2015) ("[A] complete failure [to respond to a discovery request] strikes at the very heart of the discovery system, and threatens the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing.") (emphasis in original; internal quotation marks and citations omitted)); *Sellars v. CRST Expedited, Inc.*, No. C15-0117 (N.D. Iowa Sept. 13, 2016) (collecting cases).

At bottom, Defendants state as follows: "we fully intend to comply promptly to discovery demands with documents (to the extent not already produced) and interrogatories but request three (3) weeks to do so, or February 13, 2023. I apologize nonetheless for the delay as responses

6

should have been provided by now." (DE 20 at 1.) This apology is a day late and a dollar short. The parties have not agreed to any extensions beyond January 9, 2023, and Defendants did not move the Court for an extension of time prior to the expiration of their time to respond. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Defendants' insouciance toward the rules of discovery and agreements with counsel is unacceptable. Counsel must abide by agreements made with each other. *See* New York's Standards of Civility (https://regulations.justia.com/states/new-york/title-22/subtitle-b/chapter-iv/subchapter-e/part-1200/standards-of-civility/), which provide that "A lawyer should adhere to all express promises and agreements with other counsel, whether oral or in writing, and to agreements implied by the circumstances or by local customs."

Based upon the circumstances here, Defendants have waived any objections to the demands. Given the extensive, continued and deliberate delays in responding to Plaintiffs' Discovery Requests within the permissible time limits, the Court does not find that good cause has been established to excuse such failure. The date set by the Court for responses was October 30, 2022. (DE 16.) Thus, there has been close to a three-month delay in providing responses as of the date of Plaintiffs' motion to compel. Defendants' excuse that the partner on file had a busy trial schedule in November and December does not account for the period between August and the end of October when the Discovery Requests were first served and when responses were originally due. Nor does it explain why, as of January 23, 2023, a complete production of responsive documents was not made or why written interrogatory responses were not served. Defendants' vague reference to *client* delays is also insufficient.

The parties' motions (DE 19; DE 20) are decided as follows: (1) Defendants are directed to respond to the outstanding Discovery Requests in full, on or before **February 17, 2023**, and

(2) all objections to Plaintiffs' Discovery Requests that Defendants may have had available to them are deemed waived. *See Labarbera*, 2009 WL 2496463, at *1 (waiving objections for failure to respond to discovery requests). Defendants' failure to comply with this Order will be considered an invitation for the Court to consider appropriate sanctions.

**B. Plaintiffs' Motion to Compel and Order Enforcing Non-Party Subpoenas**

Plaintiffs seek a court order enforcing the deposition subpoenas served on two non-parties -- Utopia Professional Services, LLC c/o Mohammad Asif ("Utopia") and Greenlight Global Marketing, Inc. c/o Matthew Levy ("Greenlight") (collective, the "Non-Party Witnesses"). (DE 22 at 1.) The Non-Party Witnesses were supposed to appear for depositions on January 6, 2023, and January 13, 2023, respectively, but failed to do so. (DE 22 at 1.)

Rule 45 allows an attorney to issue and sign a subpoena. Fed R. Civ. P. 45(a)(3). "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009). Rule 45 also permits the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili v. Hobart Corp.*, No. 2005-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Id*. (citation omitted).

The subpoenas seek testimony as well as the production of the following categories of documents limited to the time period between January 1, 2019 to present:

> (i) All agreements and contracts, including schedules and attachments, between Greenlight Global Marketing, Inc. or any individual or entity acting on its behalf and Dr. Verma and/or Dinesh Verma Medical.
>
> (ii) All invoices, bills, statements, and written requests for payment of any kind evidencing payments between Greenlight Global Marketing, Inc. or any individual or entity acting on its behalf and Dr. Verma and/or Dinesh Verma Medical.
>
> (iii) All documents reflecting communications between Greenlight Global Marketing, Inc. or any individual or entity acting on its behalf and Dr. Verma and/or Dinesh Verma Medical.

(*See* DE 22-1 at 5, 12.)

Plaintiffs explain that the non-party discovery sought is relevant to their claims against Defendants. Plaintiffs' claims against Defendants are premised upon Defendants alleged engagement in a scheme which defrauded Plaintiffs through submission of fraudulent medical billing for unnecessary services with the assistance of certain individual and entities -- the Management Defendants. (DE 22 at 2.) Plaintiffs state that a review of financial records shows that large management fees were paid to the Non-Party Witnesses, even though both Utopia and

Greenlight seemingly provide no relevant services and have "no obvious legitimate business practice." (DE 22 at 2.) Defendants have also not produced any documents reflecting either an invoice, communication, agreement, receipt, or anything else of the sort related to the Non-Party Witnesses. (DE 22 at 2.) Moreover, the Non-Party Witnesses have received payments from at least one other organization that was recently sued for a similar fraudulent scheme. (DE 22 at 2.) Plaintiffs further state that the Non-Party Witnesses' deposition testimony is relevant to determining the identities of the Management Defendants that allegedly colluded with Defendants. (DE 22 at 3.) Considering the aforementioned, the Court finds that the discovery sought appears to be relevant to Plaintiffs' claims, and not overly broad or unduly burdensome.

Plaintiffs state that the Non-Party Witnesses have failed to comply with the subpoenas despite multiple good faith attempts to secure compliance, including letters sent to the Non-Party Witnesses after they failed to comply. (*See* DE 22 at 1-2; DE 22-2; DE 22-3.) The subpoenas issued were valid and served on the Non-Party Witnesses. (*See* DE 22.) The Non-Party Witnesses failed to appear for their depositions and, to date, Plaintiffs have not heard from the Non-Party Witnesses. The Court notes that the Non-Party Witnesses also did not file an opposition the instant motion, nor have they moved to quash under Rule 45. The Court finds that, in light of the Non-Party Witnesses' failure to offer an adequate excuse for their non-compliance, enforcement of the subpoenas is warranted. *See Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) (enforcing valid non-party subpoena where party seeking enforcement made multiple attempts to secure compliance and non-party did not proffer reasons to excuse non-compliance); *Beruashvili*, 2006 WL 2289199, at *1 (same).

The Non-Party Witnesses are hereby directed to contact any of the counsel of record for Plaintiffs on or before **February 24, 2023**, to arrange a mutually convenient time and date to have a corporate representative appear on each of their behalf for a deposition and are further ordered to produce at that deposition the documents identified in the subpoena. The depositions shall be conducted on or before **April 1, 2023** -- the deadline for depositions contemplated in the Scheduling Order. (DE 16.)

The Non-Party Witnesses are cautioned that if they fail to adhere to this Order, they may be subject to contempt proceedings for failure to comply with the subpoenas and a Court Order. Plaintiffs are directed to serve a copy of this Order on the Non-Party Witnesses at their last known addresses and promptly file proof of service on ECF.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motions to compel (DE 19 and DE 22), and Defendants' motion for an extension of time (DE 20), are granted consistent with this Memorandum and Order.

Dated: Central Islip, New York
February 10, 2023

S O  O R D E R E D:

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge

11