FILED
CLERK

April 3, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY, and
GEICO CASUALTY COMPANY,

                  Plaintiffs,

    -against-

DINESH VERMA MEDICAL, P.C.,
DINESH VERMA, D.O., and
JOHN DOE DEFENDANTS "1" – "10",

                  Defendants.
----------------------------------------------------------------X

**ORDER**

22-CV-2893 (GRB) (JMW)

**A P P E A R A N C E S:**
Barry I. Levy, Esq.
Joanna Betty Rosenblatt, Esq.
Michael A. Sirignano, Esq.
**Rivkin Radler LLP**
926 RXR Plaza
Uniondale, NY 11556-0926
*Attorneys for Plaintiffs*

Matthew J. Conroy, Esq.
Robert E. B. Hewitt, III, Esq.
**Schwartz, Conroy, & Hack, PC**
666 Old Country Road, Ste 900
Garden City, NY 11530
*Attorneys for Defendants*

1

**WICKS,** Magistrate Judge:

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company brought this action against Defendants Dinesh Verma, D.O., and Dinesh Verma Medical, P.C., and John Doe Defendants "1"-"10" ("Management Defendants") alleging claims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c), and (d), common law fraud, unjust enrichment, and aiding and abetting fraud. (*See* DE 1.)

As relevant to the instant motion, Plaintiffs previously sought enforcement of a deposition subpoena served on non-party Utopia Professional Services, LLC c/o Mohammad Asif ("Utopia"). (DE 22.) The Court granted the motion on February 10, 2023 finding testimony and documents sought to be relevant to Plaintiffs' claims. (DE 24.) The Court also found that Utopia's unexplained failure to appear for deposition, produce documents, and respond to the subpoena or motion seeking its enforcement, despite Plaintiffs' good faith efforts to secure compliance, warranted enforcement of the subpoena. (DE 24.) Utopia failed to respond to the subpoena and the Court's Order. (DE 28.)

Plaintiffs then served a subpoena on non-party Mohammad Asif, the nominal owner of Utopia, on February 9, 2023, requesting he appear for deposition on March 7, 2023 at 10:00 AM and produce certain documents. (DE 28-2.) After Asif failed to appear or produce documents, Plaintiffs sent Asif a letter on March 8, 2023 to make a good faith attempt to resolve Asif's non-compliance without need for Court intervention. (DE 28-3.) Before the Court now is Plaintiffs' motion to enforce the subpoena. (DE 28.) For the reasons stated herein, Plaintiffs' motion to enforce the non-party subpoena is **GRANTED**.

2

## I.     LEGAL STANDARD

Rule 45 allows an attorney to issue and sign a subpoena. Fed R. Civ. P. 45(a)(3). "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009). Rule 45 also permits the serving party "[a]t any time, on notice to the commanded person" to "move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). "Absent an improperly issued subpoena or an 'adequate excuse' by the non-party, failure to comply with a subpoena made under Rule 45 may be deemed a contempt of the court from which the subpoena issued." *Beruashvili v. Hobart Corp.,* No. 2005-CV-1646 (ENV) (MDG), 2006 WL 2289199, at *1 (E.D.N.Y. Aug. 8, 2006) (citing Rule 45(e), which is now Rule 45(g) as of the 2013 amendment).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). "The party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Id.* (citation omitted).

## II.     DISCUSSION

Plaintiffs validly served the subpoena on Asif on February 9, 2023 at his last known address requesting that he appear for deposition on March 7, 2023 at 10:00 AM.  (DE 28-2 at 2, 6.)  The subpoena seeks the same information previously discussed in the Court's February 10, 2023 Order enforcing the non-party subpoena against Utopia.  (DE 24 at 9.)  Namely, the subpoena seek testimony as well as the production of the following categories of documents limited to the time period between January 1, 2019 to present:

> (i) All agreements and contracts, including schedules and attachments, between Mohammed Asif and/or Utopia Professional Services, LLC or any individual or entity acting on its behalf and Dr. Verma and/or Dinesh Verma Medical.
>
> (ii) All invoices, bills, statements, and written requests for payment of any kind evidencing payments between Mohammed Asif and/or Utopia Professional Services, LLC or any individual or entity acting on its behalf and Dr. Verma and/or Dinesh Verma Medical.
>
> (iii) All documents reflecting communications between Mohammed Asif and/or Utopia Professional Services, LLC or any individual or entity acting on its behalf and Dr. Verma and/or Dinesh Verma Medical.

(*See* DE 28-2 at 5.)  The Court has already found these exact requests to be relevant and not overtly broad or unduly burdensome.  (*See* DE 24 at 10.)

Plaintiffs state that Asif has failed to comply with the subpoena despite multiple good faith attempts to secure compliance.  (DE 28.)  Asif was served with a subpoena on February 9, 2023, to appear in his personal capacity for a deposition on March 7, 2023, at 10:00 AM.  (*Id.*)  Asif did not attend the deposition or produce documents  (*Id.*)  Plaintiffs' counsel then sent a meet and confer letter to  Asif on March 8, 2023, to inquire into Asif's absence and resolve the issue without court intervention.  (*Id.*)  This letter was ignored.

A copy of Plaintiffs' motion was served on Asif, who has not filed an opposition to this motion nor moved to quash under Rule 45.  (DE 29.)  The Court finds that, considering Asif's

4

failure to offer an adequate excuse for his non-compliance, enforcement of the subpoenas is warranted. *See Freund v. Weinstein*, No. 08-CV-1469 (FB) (MDG), 2009 WL 4065585, at *1 (E.D.N.Y. Nov. 23, 2009) (enforcing valid non-party subpoena where party seeking enforcement made multiple attempts to secure compliance and non-party did not proffer reasons to excuse non-compliance); *Beruashvili*, 2006 WL 2289199, at *1 (same). Asif is hereby directed to contact any of the counsel of record for Plaintiffs on or before **April 17, 2023**, to arrange a mutually convenient time and date to appear for a deposition and is further ordered to produce at that deposition the documents identified in the subpoena. The depositions shall be conducted on or before **May 1, 2023**. Asif forewarned and cautioned that if he fails to adhere to this Order, he may be subject to contempt proceedings for failure to comply with the subpoena and a Court Order.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion (DE 28) is granted consistent with this Order. Plaintiffs are directed to serve a copy of this Order on Asif at his last known address via FedEx Overnight Delivery and promptly file proof of service on ECF.

Dated: Central Islip, New York
April 3, 2023

**S O  O R D E R E D:**

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge